**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JOHNNY L. JONES d/b/a
JONES TOWING SERVICE                                                        PLAINTIFFS

v.                                                                  Civil Action No. 3:05-cv-414WJCS

PRESTON DERIVAUX, SR., INDIVIDUALLY,
STATE FARM INSURANCE COMPANIES AND
JOHN DOES # I-V                                                             DEFENDANTS

**ORDER GRANTING REMAND**

Before the court is plaintiffs' Motion to Remand this lawsuit to the Circuit Court of the First Judicial District of Hinds County, Mississippi, pursuant to Title 28 U.S.C. §1447(c)[1] **[docket # 4]**. This lawsuit, which centers around an automobile insurance policy dispute, was removed to this federal forum by the defendants, Preston Derivaux, Sr., ("Derivaux") and State Farm Insurance Companies ("State Farm"), on the theory that Derivaux, the non-diverse defendant, was fraudulently joined to eviscerate federal diversity jurisdiction under Title 28 U.S.C. § 1332,[2] which requires the requisite amount in controversy and complete diversity of the parties in citizenship. In their remand submissions, plaintiffs, Johnny L. Jones d/b/a Jones Towing Service, a Mississippi

---

[1]Title 28 U.S.C. § 1447(c) provides in pertinent part: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[2]Title 28 U.S.C. § 1332 provides in pertinent part:

(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ... .

resident and a Mississippi business entity, argue that complete federal diversity jurisdiction is not present here, because Derivaux, also a Mississippi resident, is liable to plaintiffs for torts he committed in procuring automobile insurance on their behalf. Plaintiffs also seek attorneys fees and cost arising from these removal and remand proceedings.

For the reason enunciated below, this court determines that federal diversity jurisdiction is not present in this case. Consequently, this court finds plaintiffs' Motion to Remand well-taken, and remands this case to the Circuit Court of the First Judicial District of Hinds County, Mississippi, for lack of subject-matter jurisdiction.

## **RELEVANT FACTS**

On May 27, 2005, plaintiffs filed this lawsuit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, asserting the state law claims of breach of contract, tortious breach of contract, negligence, gross negligence, breach of fiduciary duties, breach of the duty of good faith and fair dealing, bad faith, misrepresentation, and/or failure to procure coverage. All of plaintiffs' claims arise out of a disputed State Farm-issued automobile insurance policy procured on plaintiffs' behalf by Derivaux. On July 6, 2005, the defendants timely removed this litigation to this federal forum pursuant to this court's diversity jurisdiction under Title 28 U.S.C. § 1332.[3]

Thereafter, on August 1, 2005, plaintiffs filed a motion to remand this matter to state court. Plaintiffs contend that Derivaux is properly joined to this lawsuit and federal diversity jurisdiction does not exist here, because plaintiffs have pled legitimate causes of

---

[3]See fn. 2.

actions — namely, but not limited to, negligence, gross negligence, bad faith, misrepresentation, and failure to procure coverage — against Derivaux individually. In sum, plaintiffs argue that plaintiff Johnny L. Jones ("Jones") purchased a State Farm-issued automobile insurance policy after Dervivaux and/or his associate, assured Jones that the policy would cover his tow truck business and tow truck.

In response to plaintiffs' arguments, defendants argue that plaintiffs cannot state a cognizable claim of negligence, gross negligence, bad faith, misrepresentation, or failure to procure coverage against Derivaux, because: 1) the policy plaintiffs applied for and received does not provide coverage for damages claimed by customers of the tow truck business; and 2) under Mississippi law, Jones had a duty to read and understand the terms of the automobile insurance policy before he purchased it. In addition, defendants argue that plaintiffs cannot allege oral misrepresentations, because they were given written insurance policies that had terms contrary to the oral misrepresentations.

## **RELEVANT LAW**

As courts of limited jurisdiction,[4] federal courts are obligated to ascertain subject-matter jurisdiction under the presumption that a lawsuit lies outside its jurisdiction before resolving any other element of a lawsuit. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993, 122 S. Ct. 459, 151 L. Ed. 2d 377 (2001). A defendant who removes an action from state court to federal court bears the "heavy"

---

[4]This limited jurisdiction extends only as far as the United States Constitution and federal statutes allow. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). Article III, Section 2 of the United States Constitution provides in pertinent part that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."

burden of demonstrating this court's subject-matter jurisdiction and that removal was proper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868, 114 S. Ct. 192, 126 L. Ed. 2d 150 (1993); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981); *see also* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3739, at 424 (3d ed. 1998) ("It is . . . well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction . . . to show that the requirements for removal have been met."). Furthermore, the removal statutes are to be strictly construed with all doubts and ambiguities resolved against a finding of proper removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). After a federal court has resolved all disputes of fact and controlling state law in favor of the non-removing party, the court must determine whether the non-removing party has any possibility of recovery against the party whose joinder is questioned. *Travis*, 326 F.3d at 644. If *any possibility of recovery* against party whose joinder is questioned exists, the court is bound to remand this action to state court pursuant to § 1447(c).[5] *Buchner v. F.D.I.C.,* 981 F.2d 816, 819 (5th Cir. 1993). The removal jurisdiction of the courts is determined by examining the record as it stood at the time the notice of removal was filed without consideration of subsequent pleadings. *FSLOC v.*

---

[5]Again, as stated, *supra*, Title 28 U.S.C. § 1447(c) states, in pertinent part, the following: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

*Griffin*, 935 F.2d 691, 695-96 (5th Cir. 1991).  In reviewing allegations of fraudulent joinder, the court may pierce the pleadings to determine whether, under Mississippi law, a plaintiff has a valid claim against a non-diverse defendant.  *See LeJeaune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992).

## ANALYSIS

A.  The Breach of Contract Claims

Plaintiffs' complaint seeks relief, *inter alia*, from Derivaux for damages arising out of plaintiffs claims for breach of contract.  Under Mississippi law, absent fraud, a claim for breach of contract lies with the insurance company, not the insurance agent.  *Thompson v. Nationwide Mut. Ins. Co.*, 971 F.Supp. 242, 243 (N.D. Miss. 1997) (citing *Gray v. Edgewater Landing, Inc.,* 541 So.2d 1044, 1047 (Miss.1989)).  The defendants point out that plaintiffs' claims for breach of contract and tortious breach of contract do not contain any allegations of fraud.  Plaintiffs do not dispute this fact.  Accordingly, for the purposes of determining whether Derivaux is fraudulently joined to this lawsuit, this court determines that the breach of contract claims lie against State Farm and not Derivaux.

B.  Bad Faith, Misrepresentation, and Failure to Procure Claims

Upon reviewing allegations of fraudulent joinder, this court does not conduct an evidentiary hearing, but it does utilize a summary judgment-like review procedure. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000).  Resolving all disputes of fact and controlling state law in favor of the non-removing party, *Travis*, 326 F.3d at 644, this

5

court is not persuaded the record demonstrates that plaintiffs have no possibility of recovery against Derivaux.

Plaintiffs argue that Derivaux is liable for failure to procure the proper automobile insurance policy pursuant to plaintiffs' request. Additionally, plaintiffs allege that Derivaux actively misrepresented the terms and conditions of the insurance policy to them on more than one occasion. In support of these allegations, plaintiffs proffer the affidavit of Jones, who states that he approached Derivaux about purchasing "an insurance policy which [sic] would cover my vehicle and my business of Jones Towing Service." He alleges that at no time was he informed that the automobile insurance policy did not cover the operation of the tow truck business, nor that Derivaux was not authorized to procure the type of insurance policy that he desired. Instead, Jones states, he submitted an application and was issued a policy, which clearly states that it would indemnify and defend plaintiffs in any legal action arising out of the tow truck business.

Defendants proffer the conflicting affidavits of Derivaux and Rebecca Kindrex, who both state that they informed Jones in March 2003, and June 2004, that they were not authorized to sell "Business Garage" policies and that the State Farm-issued automobile insurance policy did not cover Jones' tow truck business operations. Jones' affidavit denies that these two conversations occurred. The federal jurisprudence relative to resolving disputes of fact in remand matters clearly states that this court must accept the facts proffered by the plaintiffs as true. *Dodson*, 951 F.2d at 42; *Travis*, 326 F.3d at 644.

Defendants counter that even if plaintiffs' allegations of misrepresentation are true, plaintiffs' claims for bad faith, misrepresentation, and failure to procure are not cognizable

6

as a matter of law.  They argue that a person is under an obligation to read a contract before signing it, and knowledge of the contents of a contract is imputed to a contracting party regardless of whether the party read the contract.  *Stephens v. Equitable Life Assurance Soc.*, 803 So.2d 78, 83 (Miss. 2003);  *McNutt v. Brown*, 800 So.2d 1274, 1280 (Miss. Ct. App. 2001).  Defendants allege that plaintiffs' automobile insurance policy clearly states that it does not cover the tow truck business.  As such, defendants assert, the plaintiffs are bound by the plain terms of the automobile insurance policy.

The defendants, however, did not provide the court with the automobile insurance policy in controversy;  instead, they submitted plaintiffs' application for "Commercial Vehicle Insurance" for the proposition that the application clearly establishes the type of insurance for which plaintiffs applied.

The court is not convinced that the insurance application alone is dispositive on this point.  The application does not set out any terms or conditions of insurance coverage, nor does it explicitly bar the plaintiffs from making particular types of insurance claims.  In fact, the application states that the applicants are "Johnny L Jones, d/b/a Jones Towing Service";  the nature of the applicants business is "tow truck";  and the insured vehicle would be used for the business purpose of  "haul[ing] passenger vehicles." No evidence in the record shows that the State-Farm issued automobile insurance policy did not cover third-party vehicles damages while being towed by plaintiffs.

So, viewing this evidence in a light most favorable to the plaintiffs, absent other evidence, the court finds that the plaintiffs have a possibility of success on the failure to

procure, bad faith, misrepresentation claims, because the defendants have failed to present sufficient evidence demonstrating that these claims are barred as a matter of Mississippi law.

C.     Fiduciary Duties Claims

Both parties have briefed the issue of whether Derivaux owed a fiduciary duty to plaintiffs.  Mississippi law clearly dictates that insurance agents owe their fiduciaries a duty to procure the type of insurance requested.  *Bolden v. Kentucky Fin. Co., Inc.*, 316 F.Supp.2d 406, 409 (S.D. Miss) (applying Mississippi law).  Plaintiffs' petition specifically alleges both that Derivaux had a duty to procure insurance on their behalf, and that "[d]efendants knowingly and intentionally made material misrepresentations" related to the procurement of the requested insurance.  As such, plaintiffs have pled facts sufficient to establish a claim against Derivaux for breach of a fiduciary duty in procuring automobile insurance on their behalf.

D.     Attorney's Fees

The court is not persuaded that this case was removed improvidently and without jurisdiction.  The discussion *infra* demonstrates that the defendants had proper provocation to remove this lawsuit to federal court.  Therefore, the court denies the plaintiffs' request for attorney fees associated with these removal and remand proceedings.

**CONCLUSION**

Based on the record before the court, the court grants plaintiffs' motion to remand **[Docket #4]** for lack of subject-matter jurisdiction under diversity of citizenship, and directs the Clerk of the Court to transfer this civil lawsuit to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

**SO ORDERED, this the 30th  day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:05-cv-414HTW-JSC
Order Granting Motion to Remand